IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

JUN 2 1 2016

Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK FISCHER,<br><br>Defendant. | CR 05-114-BLG-SPW<br><br>OPINION and ORDER |

Before the Court is Defendant Patrick Fisher's motion to dismiss his petition for revocation of supervised release. For the following reasons, the Court denies the motion.

## I. Background

Fischer pled guilty to two counts of possession of firearm by unlawful user and addict of controlled substance in violation of 18 U.S.C. § 922(g)(3) (Counts 1 and 2) and one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). Fischer received a total term of imprisonment of 81 months. The sentence consisted of 21 months on each of Counts 1 and 2 to run concurrently, and 60 months on Count 3 to run consecutive to Counts 1 and 2. Fischer also received three years of supervised

1

release on Counts 1 and 2 and five years on Count 3, with all counts to run concurrently.

Fischer's term of supervised release began on July 29, 2011. On June 2, 2016, the Court signed a Petition for Warrant of Offender Under Supervision ("Petition"). According the United States Probation Office, Fischer has violated numerous conditions of his supervised release. The Court set a hearing on the Petition for June 22, 2016. Fischer now moves to dismiss the Petition as untimely filed.

## II. Analysis

The parties apparently agree that the terms of supervised release on Counts 1 and 2 have expired. At issue is the term of supervised release on Count 3. Fischer acknowledges that the Court sentenced him to five years of supervised release on Count 3. If the five years was correctly imposed, the Petition was filed about two months before the term of supervised release expired.

Fischer argues that the Court incorrectly imposed a term of five years of supervised release. Fischer contends that the maximum term of supervised release permissible for a violation of 18 U.S.C. § 924(c)(1)(A) is three years. Fischer posits that the range of incarceration under § 924(c)(1)(A) is five to ten years. Crimes with possible sentences between five and ten years are considered Class D felonies, 18 U.S.C. § 3559(a)(4), and the maximum term of supervised release for

a Class D felony is three years, 18 U.S.C. § 3583(b)(2). Based on the assumption that § 924(c)(1)(A) is a Class D felony, Fischer contends that the maximum term of supervised release he could have received is three years. Since the Petition was filed over three years after his release from incarceration, Fischer argues that the Petition should be dismissed as untimely. The government counters that § 924(c)(1)(A) is a Class A felony and the Court properly imposed a five-year term of supervised release. The Court agrees with the government.

A defendant convicted under § 924(c)(1)(A)(i) shall "be sentenced to a term of imprisonment of not less than 5 years." The five year mandatory minimum is not also the statutory maximum sentence. Since the statute only provides a minimum sentence, "the maximum sentence for a § 924(c)(1)(A) conviction is life imprisonment." *United States v. Dorsey*, 677 F.3d 944, 958 (9th Cir. 2012). Crimes with a maximum punishment of life imprisonment are Class A felonies. 18 U.S.C. § 3559(a)(1). The maximum term of supervised release for a Class A felony is five years. 18 U.S.C. § 3583(b)(1). Since Fischer's conviction on Count 3 under § 924(c)(1)(A)(i) was a Class A felony, the Court properly imposed a five year term of supervised release. Fischer's term of supervised release did not expire prior to the filing of the Petition.

## III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Fischer's Motion to Dismiss Out of Time Petition for Violation of Supervised Release (Doc. 83) is DENIED.

DATED this 21st day of June, 2016.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge